STATE OF NORTH CAROLINA v. WILLIAM ROGER LANGLEY

No. 8425SC84

(Filed 15 January 1985)

**Rape § 4— evidence of semen stains—exclusion under rape victim shield statute proper**

In a prosecution for second degree rape and second degree sexual offense, the trial court did not err in excluding on the basis of the rape victim shield statute, G.S. 8-58.6, evidence of semen stains found on the jeans worn by the prosecutrix on the date of the assault, even though the stains were inconsist-ent with the blood grouping type of the defendant.

APPEAL by defendant from *DeRamus, Judge.* Judgments entered 9 September 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 26 September 1984.

Defendant was tried on indictments charging him with sec-ond degree rape and second degree sexual offense, convicted, and sentenced to two twelve year terms of imprisonment, to run con-secutively.

*Attorney General Rufus L. Edmisten, by Special Deputy At-torney General T. Buie Costen, for the State.*

*Robert A. Bell, for defendant appellant.*

JOHNSON, Judge.

The issue presented by this appeal is whether the court erred in excluding evidence of semen stains found on the jeans worn by the prosecutrix on the date of the assault which were inconsistent with the blood grouping type of the defendant. For the following reasons, we hold the court properly excluded evidence of the semen stains.

The State's evidence tends to show that the prosecutrix approached defendant and another man in the parking lot of a nightclub after it had closed seeking a ride home. Instead of taking her home, however, defendant drove to a remote wildlife access area where he beat and choked the prosecutrix and forced her to engage in sexual intercourse and fellatio with him.

Defendant admitted engaging in the sexual acts with the prosecutrix but claimed the prosecutrix initiated the sexual activity.

The trial court excluded evidence of the semen stains on the basis of the rape victim shield statute, G.S. 8-58.6, which makes evidence of the victim's sexual behavior irrelevant in a rape prosecution except in certain circumstances. Defendant contends that the evidence was admissible under G.S. 8-58.6(b)(2) to show that the act or acts charged were not committed by the defendant. We disagree.

In *State v. Fortney*, 301 N.C. 31, 269 S.E. 2d 110 (1980), the Court upheld the exclusion of evidence, on the basis of the rape victim shield statute, of semen stains, some of which were inconsistent with the blood grouping type of the defendant, found on the prosecutrix's clothing. The Court noted that evidence of three different semen stains found on the victim's clothing, without more, was not probative of the victim's consent to the sexual acts, but only raised an inference that the victim had had sex with two other individuals other than the defendant some time prior to the night of the rape, which was precisely the type of evidence the rape shield statute was intended to exclude.

A remarkably similar situtation is presented in the present case. The evidence presented at the *in camera* hearing required by G.S. 8-58.6(c) to determine the admissibility of the evidence showed that although a large amount of semen was present on

the vaginal swab taken from the prosecutrix following the alleged rape, none of the semen matched the blood grouping type of the semen found on the jeans. The evidence, at best, merely raises an inference that the prosecutrix had had sex with someone other than the defendant sometime prior to the date of the assault. Such an inference was of the type the statute was designed to avoid. *Fortney, supra.* The evidence of the semen stains found on the jeans was, therefore, properly excluded.

In the trial and judgment of defendant, we find

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.

(Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.)